JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7141 PA (FFMx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Richard Gladstone v. Joseph Medawar, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

  Before the Court is a Notice of Removal filed by plaintiff Richard Gladstone ("Plaintiff"). (Docket No. 1.) Plaintiff asserts that he is "entitled to remove this case pursuant to 28 U.S.C. § 1452(a) and Rule 9027, Federal Rules of Bankruptcy Procedure." (Notice of Removal, ¶ 1.) Plaintiff filed a voluntary Chapter 11 petition on July 29, 2010, in the Southern District of Florida, Case No. 10-32093 EPK.

  Section 1452 authorizes the removal of claims arising under title 11 or related to cases under title 11. 28 U.S.C. § 1452. Civil proceedings are "related to" cases under title 11 when the administration of a debtor's estate is potentially affected by enforcement of a state court judgment. In re American Hardwoods, Inc., 885 F.2d 621, 624 (9th Cir. 1989). However, even where claims have been properly removed, "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). As such, even where federal jurisdiction attaches in actions "related to" bankruptcy proceedings, Congress has explicitly provided for courts to find that those matters are more properly adjudicated in state court.

  When deciding whether remand would be appropriate, courts typically consider seven factors: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal. Williams v. Shell Oil Co., 169 B.R. 684, 692-93 (S.D. Cal. 1994). Other factors that have been considered include judicial economy, the burden on the court's docket, the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, the presence in the proceeding of nondebtor parties, and the possibility of prejudice to parties other than the plaintiffs. See In re Roman Catholic Bishop, 374 B.R. 756, 761-62 (S.D. Cal. 2007); In re TIG Ins. Co., 264 B.R. 661, 665-66 (C.D. Cal. 2001).

  Here, the Court concludes that the relevant factors weigh in favor of an equitable remand. First, Plaintiff has not offered anything to indicate that the amount at stake in this litigation is so great that it

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7141 PA (FFMx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Richard Gladstone v. Joseph Medawar, et al. | | |

would likely have a material effect on the bankruptcy estate.  Also, remand of this action will not affect the administration of the bankruptcy estate because it is the outcome of the case, not whether the claims are tried in state or federal court, that may have repercussions in bankruptcy.  Second, the claims in this action are all state law claims, such that issues of state law clearly predominate; the complaint only alleges claims for fraud and violation of California Corporations Code section 25401.  Third, while it does not seem that there would be any difficulty in applying state law here, "general principles of comity support permitting issues of state law to be determined by the state court absent other factors dictating otherwise."  Bally Total Fitness Corp. v. Contra Costa Retail Ctr., 384 B.R. 566, 572 (N.D. Cal. 2008).  Finally, this case has been pending before the state court since September 22, 2008.  As such, the Los Angeles County Superior Court has already invested over two years of effort into this case and thereby appears to be the more appropriate forum to resolve Plaintiff's claims.

For the reasons set forth above, the Court finds that there are equitable grounds upon which to remand this case.  Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. SC099875.

IT IS SO ORDERED.